NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0205n.06

No. 07-2470

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

*Apr 01, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| JEFFREY BRADFORD, | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: MARTIN, SUHRHEINRICH, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. On May 18, 2006, Jeffrey Bradford and his girlfriend were asleep in her home on LeErda Street in Flint, Michigan. The police awakened the couple while executing a drug-trafficking search warrant for that address. Under the mattress on which the couple slept, police found drug-dealing paraphernalia next to a loaded .25-caliber pistol.

The government indicted Bradford for being a felon in possession of a firearm. At trial, the parties stipulated to multiple elements of the crime, leaving one question for the jury: whether Bradford possessed the gun found under his girlfriend's mattress. The jury found that he did. Bradford thereafter moved for acquittal notwithstanding the verdict, which the district court denied. This appeal followed.

Bradford challenges the sufficiency of the evidence connecting him to the gun. On appeal, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found [that Bradford possessed the gun] beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). We review that question de novo, while construing all reasonable inferences in the government's favor. *United States v. Canan*, 48 F.3d 954, 962 (6th Cir. 1995). "The evidence need not exclude every logical hypothesis other than guilt." *United States v. Woods*, 877 F.2d 477, 479 (6th Cir. 1989).

Bradford contends that, although the prosecution introduced evidence suggesting he was a drug dealer, we should ignore that evidence because it "does nothing to enlighten anyone, let alone a jury, about the existence of a firearm that belongs to him." We disagree. In cases charging firearms possession, evidence of drug activity is properly admitted "to show motive for such possession." *United States v. Till*, 434 F.3d 880, 883 (6th Cir. 2006).

In the light most favorable to the prosecution, the government connected Bradford, the gun, the drugs, and the house. First, the government linked Bradford to drug dealing: a reliable informant identified Bradford as a cocaine dealer; and, at the time of the search, Bradford was carrying two scraps of paper consistent with a drug dealer's accounts-receivable records, and a prescription bottle containing four corner-tied baggies of cocaine. Second, the government linked the drugs to the house: police found cocaine residue in the home's trash, 41 valium pills and 0.1 grams of crack cocaine in the room where Bradford slept, and a digital scale and around 100 small baggies (matching those in Bradford's pocket) under the mattress in that room. Third, the government linked Bradford to the house: he stayed at the house "on many occasions" in the six to twelve months

preceding the search; his car, jointly owned with his girlfriend, was purchased and registered using the home's address; and his personal items, including mail addressed to a home on Iroquois Street, were found in the room where the couple slept. Finally, the government linked the gun to the drugs: the gun was found under the mattress next to the scale and baggies.

Bradford did not testify or offer any witnesses. Through cross-examination and argument, his counsel advanced two defense theories: Bradford did not live at the house, and the gun could have belonged to someone else. The government undercut both. As to the first, Bradford's probation from a separate crime required that he live with his aunt on Iroquois Street. Thus, the government contended, Bradford had reason to list the Iroquois address on his driver's license and probation reports. Moreover, although the aunt initially claimed that Bradford lived with her, the government impeached her with her prior testimony admitting that Bradford "did not live there. He may have used that address as many people do . . . if they're not stable and they can need an address so he has always used that address[.]"

As to Bradford's second suggested defense—that the gun belonged to someone else—the evidence showed that, except for Bradford's girlfriend, the other adults stayed in other rooms of the house, not the girlfriend's bedroom. And, although the entire house and all occupants were searched, the only evidence of drugs or weapons came from Bradford and the room where he slept. Finally, Bradford's girlfriend had no history of drug use and no criminal record, so she could have legally registered the weapon—if it was hers.

In light of this evidence, we agree with the district judge, who noted the strength of the case against Bradford:

I think it would really strain the Court's credulity to make a finding here that there was no connection between the gun and the - and cocaine with the intent to distribute cocaine. Here you've got the individual, Mr. Bradford lying on this bed and under the mattress on top of the box springs . . . is the gun. But not only the gun, but a digital scale[,] which of course is utilized invariably almost in the drug trade for weighing the drugs[,] and numerous plastic bags. A huge quantity of these plastic bags in which the drugs are ordinarily merchandised. And here in Mr. Bradford's pocket, an identical bag is found and that bag contains cocaine and in addition to that there is additional cocaine found in the room.

That evidence, which led the district judge to the "inevitable conclusion that there's no reasonable doubt at all that the gun . . . was present in connection with the cocaine merchandising operation," apparently also led the jury to conclude that the gun belonged to Bradford. We see no error in that conclusion.

The district court's judgment is affirmed.